UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GABRIEL HESSE AND SHERYL HESSE, *Plaintiffs*, <br><br> v. <br><br> EAST WINDSOR POLICE DEPARTMENT, SCOTT ROBERTS, AND DAN TESSIER, *Defendants*. | No. 3:24-cv-2044 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Gabriel Hesse and Sheryl Hesse ("Plaintiffs") have filed a Complaint, alleging civil rights violations under Section 1983 against the East Windsor Police Department, Scott Roberts, and Dan Tessier ("Defendants").

Defendants have moved to dismiss the Complaint.

For the following reasons, the motion to dismiss is **GRANTED** and all claims are dismissed.

The claims brought by Ms. Hesse and those against the East Windsor Police Department are dismissed from this case with prejudice.

To the extent other deficiencies in the Complaint identified in this Ruling and Order can be remedied, Mr. Hesse may move for leave to amend by **September 26, 2025**.

In light of the dismissal of all claims, the stay of discovery and pretrial deadlines will remain in place until consideration of any motion for leave to amend or the closure of this case.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.  Factual Allegations**

Plaintiffs allege that Mr. Hesse was falsely arrested for his father's murder. Compl., ECF No. 1 (Dec. 12, 2024) ("Compl."). They allege that Mr. Roberts and Mr. Tessier, detectives of

1

the East Windsor Police Department, did not sufficiently investigate the murder case and just "fe[lt] that [Mr. Hesse] [was] the killer" *Id.* at 1. They allegedly arrested Mr. Hesse because "he stole from his dad, a bleeding screwdriver, and shoes." *Id.* The bleeding screwdriver allegedly came from an incident where Mr. Hesse "tripped on it" in the dark. *Id.* Mr. Hesse acquired his father's shoes after his death. *Id.* Mr. Roberts and Mr. Tessier allegedly also believed that Mr. Hesse killed his father because "he knew his father[']s route" and thought Mr. Hesse "was on drugs." *Id.* These detectives allegedly "didn't look deeper" into the case, including not considering that "others" knew of Mr. Hesse's father's route too *Id.*

As a result of the allegedly false arrest, Mr. Hesse suffered pain and suffering and loss of property *Id.*

### B. Procedural History

On December 27, 2024, Defendants removed this case to federal court. Notice of Removal, ECF No. 1 (Dec. 27, 2024).

On February 3, 2025, Defendants filed a motion to dismiss and accompanying memorandum in support. Mot. to Dismiss, ECF No. 18 (Feb. 3, 2025); Memo. in Supp., ECF No. 18-1 (Feb. 3, 2025) ("Memo. in Supp.").

On February 28, 2025, Plaintiffs filed a memorandum in opposition to the motion to dismiss. Memo. in Opp., ECF No. 24 ("Memo. in Opp.").

On March 14, 2025, Defendants filed a reply to the Plaintiff's memorandum in opposition. Reply to Response, ECF No. 26 (Mar. 14, 2025) ("Reply").

On June 24, 2025, Defendants moved to stay discovery deadlines until the resolution of the motion to dismiss. Mot. to Stay, ECF No. 27 (June 24, 2025).

On July 22, 2025, the Court stayed discovery pending the resolution of the motion to

dismiss. Order, ECF No. 29 (July 22, 2025).

On July 28, 2025, Defendants moved to stay all pretrial deadlines pending the resolution of the motion to dismiss. Mot. to Stay, ECF No. 31 (July 28, 2025).

On July 29, 2025, the Court stayed pretrial deadlines until the resolution of the motion to dismiss. Order, ECF No. 32 (July 29, 2025).

## II.    STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court also may resolve disputed jurisdictional fact issues, however, "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a

complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of New York.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider

4

"matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### C. Pro Se Plaintiffs

*Pro se* filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants). While *pro se* complaints must be construed "liberally" and "read to raise the strongest arguments they suggest," the Court cannot "read into *pro se* submissions claims that are not consistent with the pro se litigant's allegations." *Triestman*, 470 F.3d at 476 (internal quotation marks omitted).

## III. DISCUSSION

Mr. and Ms. Hesse explicitly bring a claim for false arrest. Additionally, read "liberally," *Triestman*, 470 F.3d at 476, the Complaint raises a claim for malicious prosecution.

Defendants allege that the Complaint must be dismissed because the Court lacks jurisdiction over the East Windsor Police Department, Ms. Hesse lacks standing, and Mr. Hesse has failed to state a claim against the remaining Defendants.[1]

---

[1] Defendants also argue that there is "no constitutional right to an adequate investigation of complaints made to a police department." Memo in Supp. at 12. The Court agrees. To the extent Mr. and Ms. Hesse allege that the East Windsor police detectives failed to adequately investigate Mr. Hesse's father's murder, "[t]here is no constitutional right to an investigation by government officials." *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 317 (W.D.N.Y. 2004); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Any such allegations are thus insufficient to state a viable claim for relief.

The Court will address each argument in turn.

### A. Standing

Article III of the Constitution provides federal courts with power that "extends only to 'Cases' and 'Controversies.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting Art. III § 2). The doctrine of standing is "rooted in the traditional understanding of a case or controversy." *Id.* at 338. To establish standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Kearns v. Cuomo*, 981 F.3d 200, 207 (2d Cir. 2020) (quoting *Spokeo, Inc.*, 578 U.S. 330 at 338). A plaintiff must also "assert his [or her] own legal rights and interests, and cannot rest his [or her] claim to relief on the legal rights or interest of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Rejamin v. Deutsche bank Nat. Trust Co.*, 757 F.3d 79, 86 (2d Cir. 2014) ("The 'prudential standing rule . . . normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'" (quoting *Warth*, 422 U.S. at 509)).

Defendants argue that this matter "stems from the arrest of Gabriel Hesse and . . . Sheryl L. Hesse does not have a legal protected interest in Gabriel Hesse's constitutional rights . . . ." Memo. in Supp. at 9.

The Court agrees.

The Complaint does not allege an independent claim for relief on behalf of Ms. Hesse. Instead, it alleges constitutional violations related to the arrest and prosecution of Mr. Hesse. Ms. Hesse lacks standing to bring these claims. *See, e.g.*, *Naples v. Stefanelli*, 972 F. Supp. 2d 373, 385 (E.D.N.Y. 2013) ("Second, the Court finds that James lacks standing to bring Section 1983 false arrest and malicious prosecution claims arising out of Jimmy's arrest and prosecution, and

6

those claims are hereby DISMISSED." (internal citations omitted)); *Morgan v. City of New York*, 166 F. Supp. 2d 817, 819 (S.D.N.Y. 2001) ("First, Angela Morgan lacks standing to bring individual claims under § 1983 based upon a deprivation of her daughter's constitutional rights.")

Accordingly, Ms. Hesse will be dismissed from this action.

### B. The Claims Against East Windsor Police Department

Municipalities are "included among those persons to whom § 1983 applies." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). "A municipal police department, however, is not a municipality nor a 'person' within the meaning of section 1983." *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163–64 (D. Conn. 2005) (citations omitted). Rather, a "municipal police department is a sub-unit or agency of the municipal government through which the municipality fulfills its policing function . . . [and thus] is not an independent legal entity . . . subject to suit under section 1983." *Id.*; *see also Reed v. Hartford Police Dep't*, No. 3:03CV2147 (SRU), 2004 WL 813028, at *2 (D. Conn. Apr. 6, 2004) ("[A] municipal police department is not a 'person' within the meaning of section 1983 and not subject to suit.") (collecting cases); *Rose v. City of Waterbury*, No. 3:12-CV-291 VLB, 2013 WL 1187049, at *9 (D. Conn. Mar. 21, 2013) ("Courts in Connecticut have held that the 'Connecticut General Statutes contain no provision establishing municipal departments, including police departments, as legal entities separate and apart from the municipality they serve, or providing that they have the capacity to sue or be sued[.] . . . Rather, pursuant to Connecticut enabling legislation, it is the municipality itself which possesses the capacity to sue and be sued.' . . . Accordingly, the Court dismisses the Waterbury Police Department as a Defendant in this action." (citations omitted)).

Defendants argue that East Windsor Police Department "is not a legal entity capable of being sued" and thus all claims against it should be dismissed with prejudice. Memo. in Supp. at 7.

The Court agrees.

As East Windsor Police department is a sub-unit of East Windsor, it is not a legal entity subject to suit under Section 1983. *See, e.g.*, *Knight v. Hartford Police Dept.*, No. 3:04CV969 (PCD), 2006 WL 1438649, at *24 (D. Conn. May 22, 2006) ("Because a municipal police department is not an independent legal entity, it is not subject to suit under section 1983. Accordingly, Plaintiff's § 1983 claims against the Hartford Police Department are dismissed." (internal citations and quotation marks omitted)); *Belton v. Wydra*, No. 3:17CV2006 (KAD), 2019 WL 2162718, at *4 (D. Conn. May 17, 2019) ("Furthermore, a police department is not a person amenable to suit under 42 U.S.C. § 1983. Thus, any claims against the Hamden Police Department, the Hamden Police SWAT Unit, Hamden Police Emergency Service Unit and Hamden Police Street Interdiction Unit are dismissed . . . ." (internal citations omitted)).

Accordingly, East Windsor Police Department will be dismissed from this action.

### C. The False Arrest and Malicious Prosecution Claims

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *see also Terry v. Ohio*, 392 U.S. 1, 9 (1968) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures." (internal quotation marks and citation omitted)). The touchstone of the Fourth Amendment is reasonableness. *See United States v. Knights*, 534 U.S. 112, 118 (2001); *Soldal v. Cook Cty., Ill.*, 506 U.S. 56, 61–2 (1992)

("Whether the Amendment was in fact violated is ... [a] question that requires determining if the seizure was reasonable.").

Courts "generally look[] to the law of the state in which the arrest occurred" when assessing section 1983 claims for false arrest. *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (citation and internal quotation marks omitted). Under Connecticut law, "[t]o prevail on a claim of false arrest, a plaintiff must show that '(1) the defendant intentionally arrested him [or her,] or had him [or her] arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supported by probable cause.'" *Conroy v. Caron*, 275 F. Supp. 3d 328, 348 (D. Conn. 2017) (quoting *Sharnick v. D'Archangelo*, 935 F.Supp.2d 436, 443 (D. Conn. 2013)).

"Similarly, to prevail on a claim of malicious prosecution, a plaintiff must prove that he or she was subject to a Fourth Amendment seizure and also that '(1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice.'" *Id.* (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009)).

Defendants argue that the false arrest claim is untimely, Memo. in Supp. at 15, and that Mr. Hesse has failed to sufficiently allege a false arrest and malicious prosecution claim, *id.* at 16–20. Defendants also argue that qualified immunity bars all claims.

In response, Plaintiffs argue that the detectives "lacked the right evidence to keep Gabriel Hesse in jail for almost five years." Response at 1. They reiterate their allegations that the detectives focused on evidence that they argue "was not enough to arrest" Mr. Hesse. *Id.*

In reply, Defendants argue that Plaintiffs failed to address their statute of limitations, malicious prosecution, and qualified immunity arguments and that those have been "waived."

9

Reply at 2–3. They also reiterate their arguments that Plaintiffs have failed to meet the standards for pleading set forth in *Ashcroft v. Iqbal* and *Bell Atlantic v. Twombly*. *Id* at 4–6.

The Court generally agrees.

For Section 1983 claims, federal courts "must borrow a state statute of limitations." *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994). In Connecticut, Section 1983 actions have a three-year period of limitations. *Id.* at 134; see also Conn. Gen. Stat. § 52-577 ("No action founded upon a tort shall be brough but within three years from the date of the act or omission complained of."). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Keto*, 459 U.S. 384, 397 (2007). A plaintiff is detained under a legal process "when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389.

Defendants state that the arrest warrant for Mr. Hesse was "duly reviewed and approved by the prosecutorial authority and a judge on the Superior Court on November 15, 2019." Memo. in Supp. at 3. The Court, however, must limits its review to the "facts as asserted within the four corners of the complaint." *McCarthy*, 482 F.3d at 191.

As Mr. Hesse does not any allege any specifics related to an arrest warrant or arraignment, it is not clear "when the alleged false imprisonment end[ed]," *Lynch v. Suffolk County Police Dept.*, 348 Fed. Appx. 672, 675 (2d Cir. 2009) (quoting *Wallace*, 549 U.S. at 388–89), and therefore, it is not clear when the statute of limitations began to run. Thus, Mr. Hesse's false arrest claim cannot definitively be dismissed as time-barred at this stage. *See McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) (noting that "affirmative defenses" such as "a statute of limitations defense" are permissible on a Rule 12(b)(6) motion only "if the defense appears on

the face of the complaint" (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).

Nonetheless, the allegations fail to give rise to a plausible claim for relief as to either false arrest or malicious prosecution.

Mr. Hesse does not allege any details of his actual arrest including the circumstances in which the arrest took place, whether there was a warrant, what information the arrest specifically was based on, or who actually arrested him, and instead merely asserts he was "falsely arrested." *See, e.g.*, *Raymond v. Manchester*, No. 3:24-cv-1098, 2024 WL 5010489, at *5 (D. Conn. Dec. 6, 2024) ("Mr. Raymond does not provide any details about the events leading up to his arrest, nor does he state what charges he was arrested for in his Complaint. Mr. Raymond must provide more than allegations that the arrest was 'false' to show that his arrest was without probable cause."). He similarly does not allege any facts to suggest that his prosecution began without probable cause or that those prosecuting him were acting with malice. *See, e.g.*, *Haigler v. Fischer*, No. 17-cv-574 (RJA) (HKS), 2023 WL 8114838, at *13 (W.D.N.Y. May 2, 2023) ("Plaintiff does not specifically allege anywhere in his complaint how [Defendant] acted maliciously. . . . Accordingly, Plaintiff's malicious prosecution claim should be dismissed for failing to plead actual malice . . . .").

Moreover, Mr. Hesse's alleged facts suggest there would have been at least "a reasonable basis to find probable cause," *Liang v. City of New York*, No. 10-cv-3089 (ENV)(VVP), 2013 WL 5366394, at *10 (E.D.N.Y. Sept. 24, 2013), for his arrest and prosecution, as Mr. Roberts and Mr. Tessier allegedly identified a bloody screwdriver, Mr. Hesse's theft of his father's things, Mr. Hesse's possession of his father's shoes, and Mr. Hesse's awareness of his father's routines, *see* Compl. at 1. *See also Liang*, 2013 WL 5366394, at *7 (dismissing false arrest claim

when "the City defendants had, at the very least, a reasonable basis to find probable cause when arresting [the plaintiff] on each of the three occasions described in the complaint").

Accordingly, the false arrest and malicious prosecution claims will be dismissed.[2]

## IV.    CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED** and all claims are dismissed.

The claims brought by Ms. Hesse and those against the East Windsor Police Department are dismissed from this case with prejudice.

To the extent other deficiencies in the Complaint identified in this Ruling and Order can be remedied, Mr. Hesse may move for leave to amend by **September 26, 2025**.

In light of the dismissal of all claims, the stay of discovery and pretrial deadlines will remain in place, until consideration of any motion for leave to amend, or the closure of this case.

The Clerk of Court is directed to amend the docket and remove Ms. Hesse and East Windsor Police Department from it.

**SO ORDERED** at New Haven, Connecticut, this 15th day of August, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] As to Defendants' claim of qualified immunity, this "defense faces a formidable hurdle at the pleading stage." *Horn v. Stephenson*, 11 F.4th 163, 169 (2d Cir. 2021) (internal quotation marks omitted). Defendants must show "that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 70. Given the limited factual allegations here, the Court cannot say, at least at this stage, that qualified immunity is warranted "beyond doubt."