UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GABRIEL B. HESSE,
      *Plaintiff*,

v.

SCOTT ROBERTS and DAN TESSIER,
      *Defendants*.

No. 3:24-cv-02044 (VAB)

**RULING AND ORDER ON MOTION FOR LEAVE TO AMEND**

Gabriel Hesse ("Plaintiff") has filed a Complaint, alleging civil rights violations under 42 U.S.C. § 1983 against Scott Roberts and Dan Tessier ("Defendants").

The Court dismissed his claims and permitted Mr. Hesse to move for leave to amend his Complaint to remedy the deficiencies identified in the Court's Ruling and Order.

For the following reasons, the motion for leave to amend the Complaint is **DENIED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

        A.  **Factual Allegations**

Mr. Hesse alleges that he was falsely arrested for his father's murder. Compl., ECF No. 1-1 ("Compl."). He alleges that Mr. Roberts and Mr. Tessier, detectives of the East Windsor Police Department, did not sufficiently investigate the murder case and just "fe[lt] that [Mr. Hesse] [was] the killer" *Id.* at 1. They allegedly arrested Mr. Hesse because "he stole from his dad, a [bloody] screwdriver, and shoes." *Id.* Mr. Hesse allegedly acquired the screwdriver after tripping on it in the dark. *Id.* Mr. Hesse allegedly acquired his father's shoes after his death. *Id.* Mr. Roberts and Mr. Tessier allegedly believed that Mr. Hesse killed his father because "he knew his father[']s route" and thought Mr. Hesse "was on drugs." *Id.* These detectives allegedly "didn't look deeper" into the case, including not considering that "others" also knew of Mr.

Hesse's father's route. *Id.* As a result of the allegedly false arrest, Mr. Hesse alleges pain and suffering and loss of property. *Id.*

### B. Procedural History

On December 27, 2024, Mr. Roberts and Mr. Tessier removed this case to federal court. Notice of Removal, ECF No. 1.

On February 3, 2025, Mr. Roberts and Mr. Tessier filed a motion to dismiss and an accompanying memorandum of law. Mot. to Dismiss, ECF No. 18; Mem. in Supp., ECF No. 18-1.

On February 28, 2025, Mr. Hesse filed a memorandum in opposition to the motion to dismiss. Memo. in Opp., ECF No. 24.

On March 14, 2025, Mr. Roberts and Mr. Tessier filed a reply to Mr. Hesse's memorandum in opposition. Reply to Response, ECF No. 26.

On August 15, 2025, the Court granted Mr. Roberts and Mr. Tessier's motion and dismissed all claims. Order, ECF No. 33 ("Order"). The Court dismissed with prejudice all claims brought by Mr. Hesse and those against the East Windsor Police Department. To the extent that the remaining deficiencies identified in the Order could be remedied, the Court allowed Mr. Hesse to move for leave to amend.

On September 8, 2025, Mr. Hesse filed a motion for leave to amend his Complaint. Mot. for Leave to File Am. Compl., ECF No. 34 ("Mot. to Amend").

On October 29, 2025, the Defendants filed an objection to Mr. Hesse's motion for leave to amend. Obj. to Mot. to Amend, ECF No. 37 ("Obj.").

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 (2d Cir. 2018) ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

*Pro se* filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting

3

*Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants). While *pro se* complaints must be construed "liberally" and "read to raise the strongest arguments they suggest," the Court cannot "read into *pro se* submissions claims that are not consistent with the pro se litigant's allegations." *Triestman*, 470 F.3d at 476 (internal quotation marks omitted).

## III.   DISCUSSION

This Court previously found Mr. Hesse's Complaint to assert claims under Section 1983 for false arrest and malicious prosecution, but dismissed the claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Order at 5.

In his motion, Mr. Hesse asserts additional facts and argues that the Defendants will not suffer substantial prejudice if his motion were granted. *See generally* Mot. to Amend. The additional facts are as follows: he felt the detectives stereotyped him because he "did drugs," but he only did so to help him "move and work" because he has multiple sclerosis; he stole from his father's safe to get his will and he "took the wallet after the cops [were] in there because [he] needed [his] father's information for VA"; he "didn't call the cops when [he] found [his] father dead on the floor and waited [until] the next day [] because he was in shocked (sic)"; there were other footprints other than his; and the testimony the police received was "fabricated" because the people the Defendants interviewed "knew nothing about [Mr. Hesse] and his father's relationship." Mot. to Amend at 2. He also refers to various wrongful conviction cases that he argues "are related to what happened to [him]." *Id.* at 3.

Mr. Roberts and Mr. Tessier argue that Mr. Hesse should not be allowed to amend his Complaint. First, they argue that amendment would be futile because the underlying facts

4

supported probable cause to arrest Mr. Hesse and Mr. Hesse's proposed amendments do not cure the deficiencies identified by this Court. *Id.* at 6-10. Next, they argue that allowing Mr. Hesse to amend his Complaint would "ensure duplicative and unnecessary litigation and only serve to prejudice the defendants." *Id.* at 13. Finally, they argue that "the proposed federal claims asserted against the individual defendants are barred by qualified immunity." *Id.* at 14.

The Court agrees.

Under Connecticut law, claims of false arrest and malicious prosecution require allegations that the law enforcement officers lacked probable cause. *See Conroy v. Caron*, 275 F. Supp. 3d 328, 348 (D. Conn. 2017) ("To prevail on a claim of false arrest, a plaintiff must show that (1) the defendant intentionally arrested him or had him arrested; (2) the plaintiff was aware of the arrest; (3) there was no consent to the arrest; and (4) the arrest was not supported by probable cause." (internal quotation marks and citation omitted)); *see also id.* ("Similarly, to prevail on a claim of malicious prosecution, a plaintiff must prove that he or she was subject to a Fourth Amendment seizure and also that '(1) the defendant initiated or continued criminal proceedings against the plaintiff; (2) the criminal proceeding terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice.'" (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009))).

The Court previously found that Mr. Hesse "[did] not allege any details of his actual arrest including the circumstances in which the arrest took place, whether there was a warrant, what information the arrest specifically was based on, or who actually arrested him, and instead merely asserts he was 'falsely arrested.'" Order at 11. The Court also found that Mr. Hesse failed to allege facts to suggest that his prosecution lacked probable cause or that those prosecuting him acted with malice. *Id.*

The additional facts asserted in Mr. Hesse's motion do not cure these fatal deficiencies. Moreover, Mr. Hesse's alleged facts suggest that the Defendants had "a reasonable basis to find probable cause," *Liang v. City of New York*, No. 10-cv-3089 (ENV) (VVP), 2013 WL 5366394, at *10 (E.D.N.Y. Sept. 24, 2013), for his arrest and prosecution, including Mr. Hesse's possession of a bloody screwdriver, his father's shoes, and his father's wallet; Mr. Hesse's theft from his father's safe; Mr. Hesse's awareness of his father's routines; and Mr. Hesse's use of his father's credit card following his father's death. *See* Compl. at 1; *see also Liang*, 2013 WL 5366394, at *7 (dismissing false arrest claim where "the City defendants had, at the very least, a reasonable basis to find probable cause when arresting [the plaintiff] on each of the three occasions described in the complaint").

Because Mr. Hesse's proposed amendments do not allege any facts to support the fact that the Defendants lacked probable cause to arrest or prosecute him, his amendments are futile. *See Tocker*, 470 F.3d at 491 ("[A] motion for leave to amend a complaint may be denied when amendment would be futile."). Indeed, his proposed amendments provide no further details about his actual arrest, such as "the circumstances in which the arrest took place, whether there was a warrant, what information the arrest specifically was based on, or who actually arrested him[.]" Order at 11. His proposed amendments also do not allege that those prosecuting him were acting with malice. *Id.*; *see Haigler v. Fischer*, No. 17-cv-574 (RJA) (HKS), 2023 WL 8114838, at *13 (W.D.N.Y. May 2, 2023) ("Plaintiff does not specifically allege anywhere in his complaint how [Defendant] acted maliciously . . . Accordingly, Plaintiff's malicious prosecution claim should be dismissed for failing to plead actual malice . . . ").

Accordingly, the Court denies Mr. Hesse's motion for leave to amend his Complaint.

## IV.     CONCLUSION

For the foregoing reasons, the motion for leave to amend the Complaint is **DENIED**.

The Clerk of Court is respectfully directed to enter judgment for the Defendants, Mr. Roberts and Mr. Tessier, and close this case.

**SO ORDERED** at New Haven, Connecticut, this 17th day of April, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE